# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

STEVEN LEE ADKINS JR.,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:19-cv-00210

THOMAS CHANDLER, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion to dismiss filed by Defendants Thomas Chandler, Lisa Nutter, Teresa Gregory, and David Ballard (collectively, "Defendants"). (ECF No. 10.) By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 5.) On November 22, 2019, Magistrate Judge Tinsley filed a PF&R, (ECF No. 15), recommending that this Court grant Defendants' motion to dismiss and dismiss this matter from the Court's docket. On December 12, 2019, this Court granted Plaintiff's motion to extend the time for filing objections. (ECF No. 17.) Plaintiff timely filed an objection to the PF&R on February 3, 2020. (ECF No. 18.)

For the reasons discussed herein, the Court **OVERRULES** Plaintiff's objections, (ECF No. 18), **ADOPTS** the PF&R, (ECF No. 15), and **DISMISSES** Plaintiff's Complaint from the docket of this Court.

## I. BACKGROUND

Plaintiff Steven Lee Adkins, Jr. ("Plaintiff"), an inmate at the Mount Olive Correction Complex ("MOOC"), brings this *pro se* action pursuant to 42 U.S.C. § 1983. (ECF No. 2.) Plaintiff alleges that, on or about August 10, 2017, MOCC mail clerks opened, read, and copied a piece of legal mail that he had attempted to send to an attorney, Lydia Milnes, seeking to obtain legal representation in another matter. (*Id.* at 4.) Plaintiff alleges that the letter was clearly marked "legal mail," but was returned by the United States Postal Service as undeliverable. (*Id.*)

Plaintiff further alleges that he received a copy of his undelivered letter and noted that it had been opened outside of his presence and copied in violation of prison policy. (*Id.*) Thus, the correctional officer who delivered the mail completed an incident report, and Plaintiff subsequently filed a grievance concerning the opening and copying of his legal mail, which is attached to his Complaint. (*Id.*; ECF No. 2-1.) Plaintiff contends that the opening of his legal mail violated federal and state laws, MOCC policies, and "attorney-client legal privilege," and caused him "emotional and mental distress" for which he seeks monetary damages. (*Id.* at 5–6.) Plaintiff claims that "opening said legal mail may be retaliation, obstruction, deterrence and hindering due process." (*Id.* at 5.) He further alleges that David Ballard, as Warden of MOCC, should be liable as a supervisor of Teresa Gregory, Thomas Chandler, and Lisa Nutter, whom Plaintiff alleges were employees in the mail department at MOCC. (*Id.*)

On May 31, 2019, Defendants filed a Motion to Dismiss, asserting that the Complaint must be dismissed because the plaintiff failed to exhaust his administrative remedies, and otherwise fails to state a claim upon which relief can be granted against any of the defendants. (ECF No. 10.) Upon consideration, Magistrate Judge Tinsley found that the Complaint fails to state any plausible constitutional claim and, thus, Defendants are entitled to qualified immunity. Additionally,

Magistrate Judge Tinsley found that David Ballard is absolutely immune from liability in his official capacity. The PF&R, therefore, recommends granting Defendants' Motion to Dismiss and dismissing Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 15.) Plaintiff challenges the magistrate judge's findings and conclusions.

## II.   STANDARD OF REVIEW

### A. Review of the PF&R

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B. Motion to Dismiss

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). To withstand a motion to

dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In applying this plausibility standard, a Court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. Second, assuming the truth of only the factual allegations, the Court must determine whether the plaintiff's complaint permits a plausible inference that "the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Labels, conclusions and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

What is required are well-pleaded factual allegations, and "a court should not dismiss an action for failure to state a claim, 'unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" *Brown v. Brock*, 632 F. App'x 744, 2015 WL 8946033, at *2 (4th Cir. 2015) (quoting *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). "Th[e] plausibility standard requires only that the complaint's factual allegations 'be enough to raise a right of relief above the speculative level.'" *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court is mindful, however, that Plaintiff is proceeding *pro se*. As such his pleadings will be accorded liberal construction.

## II. DISCUSSION

Plaintiff asserts nine objections in opposition to the magistrate judge's findings and recommendations. (ECF No. 18.) Several of Plaintiff's objections can be addressed properly together.

First, Plaintiff contends that he did state a claim for which relief can be granted because he offered to settle this matter in exchange for $1,000. (ECF No. 18 at 1 ¶ 1.) In support of this assertion, Plaintiff cites *Sallier v. Brooks*, 343 F.3d 868 (6th Cir. 2003), wherein the Sixth Circuit found that prison mailroom clerks were not protected by qualified immunity for opening an inmate's legal mail outside of his presence. *Id.* at 878–80. The mailroom clerks, consequently, were liable for violating the plaintiff's First Amendment rights, and a jury awarded the plaintiff $3,000 in damages. *Id.* at 880. In his second objection, Plaintiff suggests that the holding in *Sallier* is analogous to his case because his opened mail was a letter addressed to an attorney. (*Id.* at 2 ¶ 2.)

Inmates have a constitutional right to reasonable access to state and federal courts and to communicate with attorneys. *See*, *e.g.*, *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). Generally, legal mail may not be opened outside of the presence of the prisoner-addressee. *See Wolff v. McDonnell*, 418 U.S. 539, 578 (1974). However, in order to state a claim for denial of access to the courts, the inmate must show actual injury or that the defendants' conduct "hindered his efforts to pursue a legal claim." *See*, *e.g.*, *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc); *Am. Civ. Liberties Union v. Wicomico Cty.*, 999 F.2d 780, 785–86 (4th Cir. 1993). An inmate asserting a claim that prison officials infringed his right to access the courts must identify with specificity an actual injury resulting from official conduct. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). Further, isolated incidents without any improper motive or resulting interference to the inmate's right to counsel or access to courts do not rise to the level of a constitutional violation. *See El-Amin v. United States*, No. 1:18-00282, 2018 WL 5993582, at *6 n.8 (S.D. W. Va. July 31,

2018). Rather, an inmate must show that prison officials "regularly and unjustifiably interfered with" his or her mail. *See, e.g., Buie v. Jones*, 717 F.2d 925, 926 (4th Cir. 1983) (holding that occasional accidental opening of legal mail does not state of claim of the denial of one's right to the access of court); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Morgan v. Montanye*, 516 F.2d 1367, 1371 (2d Cir. 1975).

Plaintiff fails to meet these standards. The magistrate judge accurately found that Plaintiff's Complaint is deficient because he fails to assert any actual injury resulting from the opening and copying of his mail. (ECF No. 15 at 5.) Plaintiff's conclusory allegation that the opening and copying of his mail obstructed his access to legal counsel is unsupported by any facts. Similarly, no facts are offered in the Complaint to support the contention that the opening and copying of this single piece of mail to Ms. Milnes deterred or hindered his access to legal counsel or the courts. This Court reiterates the magistrate judge's observation that "[P]laintiff has not alleged that he was otherwise prohibited from sending another letter, correctly addressed to Ms. Milnes." (*Id.* at 5 n.3.) Thus, as the opening and copying of one piece of mail without an actual injury does not rise to the level of a constitutional violation, the magistrate judge correctly found that the Complaint fails to allege a constitutional claim.

Plaintiff also objects to the PF&R's conclusion that the Complaint fails to allege a constitutional violation, arguing that his mail was interfered with frequently. (ECF No. 18 at 3 ¶ 4, 5–6 ¶ 9.) Plaintiff submitted fifteen (15) grievances he previously filed related to his mail. (*See* ECF No. 18 at 7–20.) Of the fifteen grievances, seven allege that Plaintiff's mail was either withheld, thrown away, or delayed at some point in time.[1] However, "[o]ccasional incidents of

---

[1] *See* ECF No. 18 at 7–20 (No. 17-MOCC-Q2-461 (alleging, generally, that mail had been thrown away and withheld one or two days longer than the actual delivery date); No. 17-MOCC-Q2-579 (alleging that mail to his fiancé had been

delay or non-delivery of mail do not rise to a constitutional level." *Short v. Shearin*, No. 13-3176, 2014 WL 3557236, at *8 (D. Md. July 17, 2014), *aff'd*, 589 F. App'x 113 (4th Cir. 2014) (rejecting plaintiff's conclusory claim of a constitution violation from the opening of legal mail outside his presence on two occasions where there was no actual injury or specific harm); *Thomas v. Kramer*, 2010 WL 520610, at *3 (E.D. Cal. Feb. 9, 2010) ("A mere claim of occasional error, delay, or negligent handling of mail, with no injury or prejudice to the prisoner, does not state a claim for a constitutional violation."); *Bryant v. Winston*, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that the negligent opening of a prisoner's legal mail, on limited occasions and not as part of any pattern or practice, does not establish an actionable claim). Plaintiff does not describe the nature of the items he alleges were withheld or delayed nor does he allege that any legal action was impacted by the mishandling of these correspondences to give rise to a constitutional claim.

Notably, two grievances relate to correspondence with an attorney, Sheila King. In one grievance, Plaintiff alleged that a letter from Ms. King had taken over a week to reach him. (ECF No. 18 at 8.) A separate grievance alleged that three letters from Ms. King had been withheld for more than two days and one of his outgoing letters to her had been discarded. (*Id.* at 13.) However, Plaintiff does not describe the content of these mailings whatsoever nor does he allege or proffer any facts that indicate the temporal delay or mishandling of these correspondences caused him any injury by frustrating a legal proceeding or his right to access the courts. Without greater specificity, Plaintiff's allegations fail to state a claim.

---

delayed); No. 17-MOCC-Q2-613 (alleging that a letter he sent had the voucher removed and was delayed as a result); No. 18-MOCC-Q2-79 (alleging that his mail was being withheld longer than 24 hours); No. 17-MOCC-Q2-830 (the subject incident)).

In addition, Plaintiff claims he seeks "compensatory/monetary, etc. relief" because "prison officials who open and read incoming mail in an arbitrary and capricious fashion violate a prisoner's First Amendment rights." (*Id.* ¶ 3 (internal citation omitted).) He also cites statutes, case law, and prison procedure rules that he asserts Defendants violated. (*Id.* at 4–6 ¶¶ 6–9.) While prisoners have a First Amendment right to send and receive mail, prison officials may place reasonable restrictions on these rights so long those restrictions are "reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 361 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989); *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Bell v. Wolfish*, 441 U.S. 520, 544–52 (1979)). Maintaining safety and internal security are "core functions of prison administration" that can affect restrictions on prisoner mail. *Turner*, 482 U.S. at 92. "In balancing the competing interests implicated in restrictions on prison mail, courts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Thornburgh*, 490 U.S. at 413.

Plaintiff appears to claim that his non-legal mail was withheld or delayed on several occasions and that such mishandlings violated his constitutional rights. However, he does not make this assertion in his Complaint nor does he allege facts to support an inference that there was any animus in the mishandling of his non-legal mail.[2] *See Jehovah v. Clarke*, No. 7:14-cv-00538, 2015 WL 2195059, at *6 (W.D. Va. May 11, 2015), *aff'd*, 625 F. App'x 219 (4th Cir. 2015) (noting that "[i]t is inevitable that prison restrictions may cause inmates to experience delays in receiving legal materials . . . . Where such regulations are reasonably related to legitimate penological

---

[2] Notably, Plaintiff did assert that there was animus in the opening of his legal mail. However, as addressed in the PF&R, Plaintiff offers no factual allegations to support an inference that his legal mail was opened with a retaliatory motive or otherwise to hinder due process. (ECF No. 15 at 5.)

interests, however, resulting delays or limitations 'are not of constitutional significance, even where they result in actual injury' to the inmate's litigation efforts." (quoting *Lewis*, 518 U.S. at 362)). Further, failure by correctional officials to follow their own internal prison policies is not actionable unless the alleged breach of the policy rises to a constitutional violation. *See Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013); *Bryant-El v. Rose*, No. 18-cv-0084, 2019 WL 1386728, at *5 (D. Md. Mar. 27, 2019). Plaintiff offers no facts to support a plausible constitutional violation. Therefore, Plaintiff's assertion that mishandlings of his mail violated prison policy fails to state a cognizable claim.

Next, Plaintiff argues that he did exhaust his administrative remedies. (ECF No. 18 at 2–3 ¶ 4.) However, failure to exhaust administrative remedies was not a basis for the magistrate judge's recommendation of dismissal. While the PF&R notes that the grievance form attached to the Complaint does not indicate if Plaintiff's grievance was appealed, the magistrate judge did not determine whether the exhaustion requirements were in fact satisfied. Even so, Plaintiff does not elaborate or offer any evidence in support of his assertion that his administrative remedies were exhausted. Therefore, there is no merit to this objection.

Finally, Plaintiff alleges that the aforementioned arguments "clearly show[]" that Defendants were acting in their "official capacity" because they are "the persons who violated [his] First Amendment rights[.]" (*Id.* at 3 ¶ 5.) The magistrate judge found that "to the extent [] David Ballard, or any other defendant, is being sued in an official capacity, they are not 'persons' subject to suit under section 1983 and are otherwise immune from suit under the Eleventh Amendment." (ECF No. 15 at 7.) In so holding, the magistrate judge relied on the Supreme Court's decision in *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), which stands for the proposition that "neither a State nor its officials acting in their official capacities are 'persons'

under § 1983." *Id.* at 71. In *Will*, the Supreme Court explained that "[o]bviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.*

The Eleventh Amendment provides, in relevant part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Although the Eleventh Amendment refers only to suits by citizens of other states, the Supreme Court has construed the Amendment to "establish that an unconsenting State is immune from suits brought in federal court by her own citizens as well as by citizens of another state." *Port. Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (2009) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)) (markings omitted). The magistrate judge accurately recognized that, absent consent, "the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citation omitted). This finding is not based on the Defendants' alleged mishandling of his mail. Instead, the magistrate judge's finding is correctly based on the above-cited precedent, which extends immunity under the Eleventh Amendment to state officials. Even if Plaintiff had adequately alleged a constitutional claim—which he does not—his claim would have no bearing on Defendants' entitlement to immunity under the Eleventh Amendment. Accordingly, this objection is overruled.

## IV. CONCLUSION

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections, (ECF No. 18), **ADOPTS** the PF&R, (ECF No. 15), **DISMISSES** Plaintiff's Complaint, (ECF No. 2), and **DIRECTS** the Clerk to remove this case from the Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 24, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE